1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                             CENTRAL DISTRICT OF CALIFORNIA
10
11   SHERYL T.,[1]                                Case No. 5:21-cv-01388-GJS
                     Plaintiff
12
            v.
13                                                **MEMORANDUM OPINION AND
     KILOLO KIJAKAJI, Acting                      ORDER**
14   Commissioner of Social Security,
15                   Defendant.
16
17                          **I.     PROCEDURAL HISTORY**

18           Plaintiff Sheryl T. ("Plaintiff") filed a complaint seeking review of the

19   decision of the Commissioner of Social Security denying her application for

20   Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before

21   the undersigned United States Magistrate Judge [Dkts. 9 and 11] and briefs [Dkt. 15

22   ("Pl. Br."), Dkt. 18 ("Def. Br."), & Dkt. 19 ("Reply")] addressing disputed issues in

23   the case.  The matter is now ready for decision.  For the reasons set forth below, the

24   Court finds that this matter should be remanded.

25   _____

26

27   [1]      In the interest of privacy, this Order uses only the first name and the initial of
     the last name of the non-governmental party in this case.
28

## II.   ADMINISTRATIVE DECISION UNDER REVIEW

Plaintiff filed an application for DIB on October 8, 2019, alleging disability beginning January 1, 2015. [Dkt. 14, Administrative Record ("AR") 13, 147-48.] Plaintiff's application was denied at the initial level of review and on reconsideration.  [AR 13, 76-79, 81-85.]  A telephone hearing was held before Administrative Law Judge Josephine Arno ("the ALJ") on October 9, 2020.  [AR 13, 26-58.]

On February 2, 2021, the ALJ issued an unfavorable decision applying the five-step sequential evaluation process for assessing disability.  [AR 13-22]; *see* 20 C.F.R. § 404.1520(b)-(g)(1).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the relevant period, the alleged onset date of January 1, 2015, through the date last insured of December 31, 2018.  [AR 15.]  At step two, the ALJ determined that Plaintiff has the following severe impairments:  obesity, lumbar spine arthritis, degenerative disc disease, right hip osteoarthritis, and degenerative joint disease.  [AR 15.]  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations.  [AR 17.]  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that Plaintiff is limited to occasional climbing of ladders, ropes and scaffolds, stooping, crouching and crawling.  [AR 17.]  At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work in account, payroll through the date last insured.  [AR 21.]  Based on these findings, the ALJ concluded that Plaintiff was not disabled at any time from January 1, 2015, through December 31, 2018.  [AR 22.]

The Appeals Council denied review of the ALJ's decision on August 2, 2021.  [AR 1-3.]  This action followed.

Plaintiff raises the following issues challenging the ALJ's findings and

1  determination of non-disability:

2        1.  The ALJ failed to properly evaluate the medical evidence.  [Pl. Br.

3  at 7-11.]

4        2.  The ALJ failed to properly consider Plaintiff's subjective

5  complaints.  [Pl. Br. at 11-15.]

6        The Commissioner asserts that the ALJ's decision should be affirmed.  [Def.

7  Br. at 1-8.]

8

9                    **III.   GOVERNING STANDARD**

10       Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

11  determine if:  (1) the Commissioner's findings are supported by substantial

12  evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v.*

13  *Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r*

14  *Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence … is

15  'more than a mere scintilla' … [i]t means – and only means – 'such relevant

16  evidence as a reasonable mind might accept as adequate to support a conclusion.'"

17  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *Gutierrez v.*

18  *Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) ("[s]ubstantial evidence is

19  more than a mere scintilla but less than a preponderance") (internal quotation marks

20  and citation omitted).

21       The Court will uphold the Commissioner's decision when "'the evidence is

22  susceptible to more than one rational interpretation.'"  *Burch v. Barnhart*, 400 F.3d

23  676, 681 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.

24  1989)).  However, the Court may review only the reasons stated by the ALJ in the

25  decision "and may not affirm the ALJ on a ground upon which he did not rely."

26  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  The Court will not reverse the

27  Commissioner's decision if it is based on harmless error, which exists if the error is

28  "inconsequential to the ultimate nondisability determination, or that, despite the

1   error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*,

2   806 F.3d 487, 492 (9th Cir. 2015) (internal quotation marks and citations omitted).

3

4                          **IV.   DISCUSSION**

5          Plaintiff contends the ALJ failed to properly consider her subjective symptom

6   testimony concerning her physical impairments.  [Pl. Br. at 7-11.]  As discussed

7   below, the Court agrees with Plaintiff and finds that remand is appropriate.

8          In evaluating a claimant's subjective symptom testimony, an ALJ must

9   engage in a two-step analysis.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36

10  (9th Cir. 2007); 20 C.F.R. § 404.1529(c).  First, the ALJ must determine whether the

11  claimant has presented objective medical evidence of an underlying impairment

12  which "could reasonably be expected to produce the pain or other symptoms

13  alleged." *Lingenfelter*, 504 F.3d at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341,

14  344 (9th Cir. 1991) (en banc)).  Second, if the claimant meets the first step and there

15  is no evidence of malingering, "'the ALJ can reject the claimant's testimony about

16  the severity of her symptoms only by offering specific, clear and convincing reasons

17  for doing so.'"  *Lingenfelter*, 504 F.3d at 1036; (quoting *Smolen v. Chater*, 80 F.3d

18  1273, 1281 (9th Cir. 1996)).  At the same time, the "ALJ is not required to believe

19  every allegation of disabling pain, or else disability benefits would be available for

20  the asking, a result plainly contrary to the Social Security Act." *Smartt v. Kijakazi*,

21  53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted).

22         In the present case, the ALJ discounted Plaintiff's subjective complaints

23  based on perceived inconsistencies between Plaintiff's testimony and the objective

24  medical record.  [AR 18-21.]  The ALJ summarized the medical evidence as to each

25  of Plaintiff's severe impairments and then repeatedly asserted that Plaintiff's

26  subjective complaints were unsupported by the objective medical evidence during

27  the relevant period, January 1, 2015, through December 31, 2018.  [AR 18 ("the

28  claimant's statements concerning the intensity, persistence and limiting effects of

                                          4

these symptoms are not entirely consistent with the medical evidence and other
evidence in the record … [t]he positive objective clinical and diagnostic findings
since the application date detailed below do not support more restrictive functional
limitations than those assessed herein"), 20 ("findings from physical examinations
were mild in light of the claimant's subjective complaints … [t]he claimants
statements concerning the alleged intensity, persistence, and limiting effects of the
claimant's symptoms on the ability to ambulate are inconsistent with the objective
medical evidence and the other evidence of record"), 21 ("[t]he claimant's
subjective complaints are inconsistent with the objective medical evidence and that
evidence does not support the alleged severity of symptoms").]  While the lack of
supporting medical evidence can be a factor in evaluating a claimant's subjective
complaints, it cannot "form the sole basis for discounting pain testimony."  *See*
*Burch*, 400 F.3d at 681; *Bunnell*, 947 F.2d at 345 ("[O]nce the claimant produces
objective medical evidence of an underlying impairment, an [ALJ] may not reject a
claimant's subjective complaints based solely on a lack of objective medical
evidence to fully corroborate the alleged severity of pain.").

The ALJ also asserted that Plaintiff "received essentially routine and
conservative care for her lumbar spine complaints, primarily in the form of pain
medication and physical therapy."  [AR 20.]  In some circumstances, the
conservative nature of a claimant's treatment properly may factor into the evaluation
of a claimant's subjective complaints.  *See*, *e.g.*, *Parra v. Astrue*, 481 F.3d 742, 751
(9th Cir. 2007) (finding that treatment consisting of over-the-counter pain
medication was sufficient to discount the claimant's testimony regarding severity of
an impairment).  The record in this case, however, shows that Plaintiff's treatment
included prescriptions for narcotic pain medication (Tramadol and Tylenol with
codeine).  [AR 209, 220, 223.]  Such treatment cannot properly be characterized as
"conservative."  *See*, *e.g.*, *Luanne D. D. v. Saul*, No. CV 19-08662 PVC, 2020 WL
5350434, at *7 (C.D. Cal. Sept. 4, 2020) ("the consistent use of narcotic medications

cannot fairly be described as 'conservative' treatment"); *Aguilar v. Colvin*, 2014 WL 3557308, at *8 (C.D. Cal. July 18, 2014) ("It would be difficult to fault Plaintiff for overly conservative treatment when he has been prescribed strong narcotic pain medications"); *Shepard v. Colvin*, 2015 WL 9490094, at *7 (E.D. Cal. Dec. 30, 2015) (where claimant's back pain was treated with prescription pain medications including tramadol, oxycodone and other medications, the record did not support finding that treatment was "conservative").  And although Plaintiff periodically experienced some symptom relief from physical therapy and medication, Plaintiff continued to report low back pain with sciatica.  [AR 19, 220, 223-24, 381, 398]; *see*, *e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) ("[I]t is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment.  Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement ... and to treat them as a basis for concluding a claimant is capable of working.").  Moreover, Plaintiff's treatment eventually included cervical spine surgery in 2019, and lumbar spine surgery in 2020, procedures which can hardly be described as conservative.  [AR 260, 376.]  *See*, *e.g.*, *Sanchez v. Colvin*, 2013 WL 1319667, at *4 (C.D. Cal. Mar. 29, 2013) ("surgery is not conservative treatment"); *Michel v. Berryhill*, No. EDCV 17-01793-AFM, 2018 WL 3031450, at *4 (C.D. Cal. June 15, 2018) (same).  While Plaintiff's surgeries took place after her DLI of December 31, 2018, Plaintiff's doctors opined that her neck and back conditions were likely to have been present in 2018 or earlier.  [AR 310, 311.]

Although not expressly relied on by the ALJ, Defendant asserts that Plaintiff's pain testimony was properly rejected because she stopped working when her employer went out of business, a reason that was unrelated to her alleged impairments.  [Def. Br. at 4-5.]  However, the ALJ's decision may not be affirmed "on a ground upon which [she] did not rely."  *Orn*, 495 F.3d at 630; *Connett v.*

1  *Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the

2  reasons the ALJ asserts.").  Moreover, the record does not support the inference that

3  Plaintiff sought disability benefits simply because she was laid off from work.

4  Plaintiff stopped working on September 1, 2013, but did not allege disability until

5  January 1, 2015, more than a year later.  [AR 13, 31, 147, 159.]  Plaintiff testified

6  that she had looked for a new job until her pain and symptoms began to interfere

7  with her daily life.  [AR 31-32.]  Thus, Plaintiff's reason for stopping work was not

8  a sufficient basis for rejecting her subjective symptom testimony.  *See*, *e.g.*, *Thomas*

9  *v. Colvin*, No. CV 15-01451-RAO, 2016 WL 1733418, at *5 (C.D. Cal. Apr. 29,

10  2016) (finding "[t]he gap between Plaintiff's last date of employment and her

11  [alleged onset date] lessens the impact of her admission that she originally stopped

12  working for non-disability reasons"); *Shehan v. Astrue*, No. EDCV 08-01302

13  (MLG), 2009 WL 2524573, at *3 (C.D. Cal. Aug. 17, 2009) (finding plaintiff's non-

14  disability "reasons for leaving her earlier jobs was not a proper basis for rejecting

15  her credibility[,]" in part, because those "jobs ended long before her alleged onset

16  date"); *cf. Bruton v. Massanari*, 268 F.3d 824, 826 (9th Cir. 2001) (finding pain

17  testimony properly rejected, in part, because the claimant admitted that he was laid

18  off and did not leave his job due to injury, yet he alleged disability beginning on the

19  day he stopped working).

20         Where, as here, the ALJ fails to state legally sufficient reasons for discounting

21  a claimant's subjective complaints, a court ordinarily cannot properly affirm the

22  administrative decision.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th

23  Cir. 2006).  The Court is unable to conclude that the ALJ's errors in evaluating

24  Plaintiff's subjective complaints were "harmless" or "inconsequential to the ultimate

25  non-disability determination." *Brown-Hunter*, 806 F.3d at 492.

26         As the circumstances of this case suggest that further administrative

27  proceedings could remedy the ALJ's errors, remand is appropriate.  *See Dominguez*

28  *v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes

7

that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101, n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); *Harman v. Apfel*, 211 F.3d 1172, 1180-81 (9th Cir. 2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

Having found that remand is warranted, the Court declines to address Plaintiff's remaining issue. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## V.   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED:  January 03, 2023

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE